ORIGINAL

1 | BRIAN J. STRETCH (CABN 163973)
United States Attorney

2

3 | BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

4 | DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney

5

6 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

7 | Telephone: (415) 436-7303
FAX: (415) 436-7234

8 | david.countryman@usdoj.gov

9 | Attorneys for United States of America

**MAG**

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13 | UNITED STATES OF AMERICA,          )   NO.   3 - 1 6 - 7 1 3 3 1

14 |                 Plaintiff,          )
                                     )   NOTICE OF PROCEEDINGS ON OUT-OF-
15 |       v.                           )   DISTRICT CRIMINAL CHARGES PURSUANT TO
                                     )   RULES 5(c)(2) AND (3) OF THE FEDERAL OF
16 |                                     )   CRIMINAL PROCEDURE
   | ENDERSON GARCIA                    )
17 |   a/k/a/ FNU LNU                   )
   |   a/k/a "Jesse,"                   )
18 |                                     )
   |                 Defendant.          )
19 |                                     )
   | _____ )

20

21 |       Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure

22 | that the above-named defendant has been arrested based upon an arrest warrant (copy attached) issued

23 | upon a Superseding Indictment pending in the Southern District of New York, Case Number S6 11

24 | CRM 569.  The Warrant for Arrest is attached as Exhibit 1, and the Superseding Indictment is attached

25 | as Exhibit 2.

26

27

28

RULE 5 NOTICE OF PROCEEDINGS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DESCRIPTION OF CHARGES

Charge One of the Superseding Indictment charges conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(a).

## PENALTIES

Pursuant to 21 U.S.C. § 841(b)(1)(a), the maximum penalties are as follows:  mandatory minimum 10 years of imprisonment, maximum lifetime imprisonment, maximum $10,000,000 fine, minimum 5 years of supervised release, and a $100 special assessment.

Respectfully Submitted,

BRIAN J. STRETCH
United States Attorney

Dated:  October 12, 2016

DAVID COUNTRYMAN
Assistant United States Attorney

RULE 5 NOTICE OF PROCEEDINGS

**Exhibit 1**

AUSA Jessica A. Masella/Telemachus Kasulis
212-637-2288/2411

CR 12 (Rev. 6/82)

# WARRANT FOR ARREST

| **United States District Court** | **DISTRICT**<br>SOUTHERN DISTRICT OF NEW YORK |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FNU LNU<br>a/k/a "Jesse" | **DOCKET NO.** 11 CRIM 569   **MAGISTRATE'S CASE NO.** |
| | **NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED**<br><br>FNU LNU<br>a/k/a "Jesse"<br>(See attached photograph) |
| **WARRANT ISSUED ON THE BASIS OF:**  ☐ Order of Court<br>X Indictment   ☐ Information   ☐ Complaint | **DISTRICT OF ARREST** |
| **TO:**<br>ANY AUTHORIZED LAW ENFORCEMENT OFFICER | **CITY** |

YOU ARE HEREBY COMMANDED to arrest the above-named persons and bring those persons before the United States District Court to answer to the charge(s) listed below.

**DESCRIPTION OF CHARGES**

Narcotics conspiracy

| IN VIOLATION OF | UNITED STATES CODE TITLE<br>21 | SECTIONS<br>846 |
|---|---|---|

| BAIL | OTHER CONDITIONS OF RELEASE | |
|---|---|---|
| ORDERED BY | SIGNATURE (FEDERAL JUDGE/U.S. MAGISTRATE)<br>*[signature]* | DATE ORDERED<br>7-6-11 |
| CLERK OF COURT | (BY) DEPUTY CLERK | DATE ISSUED |

**RETURN**

This warrant was received and executed with the arrest of the above-named persons.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

Note: The arresting officer is directed to serve the attached copy of the charge on the defendant at the time this warrant is executed.



# FEDERAL BUREAU OF INVESTIGATION
# WANTED



# REWARD

The above subject is wanted by the FBI. Subject resided in the Bronx and has ties to Connecticut. There is a reward for information leading to the arrest of the above pictured subject. Contact the FBI at 212-384-5000 and asked for Duty Agent. Case # NY-304428

### Name: **Enderson Garcia**       Age: **34**
### AKA's: **Jessie, Flo**       3/4/78

**\*\*A reward for his apprehension has been authorized\*\***

**Your identity will be safeguarded**

*ALL CALLS WILL BE KEPT CONFIDENTIAL*

**Exhibit 2**

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    :    <u>SUPERSEDING</u>
                                                 <u>INDICTMENT</u>
          - v. -                            :
                                                 S6 11 Cr. 569 (PAC)
LEVIT FERNANDINI,                           :
     a/k/a "Lev,"
     a/k/a "Scooby Doo,"                    :
     a/k/a "La Flaca,"
PABLO IVAN SANTIAGO,                        :
     a/k/a "Ivan,"
OMAR CASTRO LOPEZ,                          :
     a/k/a "Cache,"
MAURICIO VILLAREAL,
HECTOR GARCIA,                              :
     a/k/a "Cash,"
     a/k/a "Hec,"
LUIS APONTE,                                :
     a/k/a "Lu,"
ALBERT FRANCO,                              :
     a/k/a "Al,"
ROBERTO ROSA,                               :
     a/k/a "Indio,"
ANGEL DIAZ,                                 :
     a/k/a "Julito,"
JAMES RIVERA,                               :
     a/k/a "Mint,"
     a/k/a "MI,"                            :
FNU LNU,
     a/k/a "Jesse,"                         :
JULIO GOMEZ,
     a/k/a "Yogi,"                          :
ANTHONY TORRES,
     a/k/a "G,"                             :
RAFAEL REYES,
     a/k/a "Rafi,"                          :
LUIS ORTIZ,
     a/k/a "Gecko,"                         :
JOSE LUIS MORAN,
     a/k/a "Buzz,"                          :
WILLIAM ROSA,
     a/k/a "El Culon,"                      :
LUCY ROMERO,
ELIAS POLANCO,                              :
     a/k/a "Lou,"
CHRISTOPHER ALICEA,                         :
     a/k/a "Bozo,"
                                            :

```
DANIEL ROMAN,                          :
     a/k/a "Danny,"
EFRAIN IRIZARRY,                       :
     a/k/a "Humilde,"
ALBERT SOTO,                           :
     a/k/a "King Braveheart," and
CHRISTIAN GUABA,                       :
     a/k/a "Fat Boy,"
LEWIS ALLEN,                           :
     a/k/a "Choc,"
LUIS VALERIO,                          :
     a/k/a "Luigi," and
SERGIO SANTIAGO,                       :
     a/k/a "Serge."
                                       :
             Defendants.
- - - - - - - - - - - - - - - - - - -X
```

## COUNT ONE

The Grand Jury charges:

1.     From at least in or about 2003, up to and including in or about July 2011, in the Southern District of New York and elsewhere, LEVIT FERNANDINI, a/k/a "Lev," a/k/a "Scooby Doo," a/k/a "La Flaca," PABLO IVAN SANTIAGO, a/k/a "Ivan," OMAR CASTRO LOPEZ, a/k/a "Cache," MAURICIO VILLAREAL, HECTOR GARCIA, a/k/a "Cash," a/k/a "Hec," LUIS APONTE, a/k/a "Lu," ALBERT FRANCO, a/k/a "Al," ROBERTO ROSA, a/k/a "Indio," ANGEL DIAZ, a/k/a "Julito," JAMES RIVERA, a/k/a "Mint," a/k/a "MI," FNU LNU, a/k/a "Jesse," JULIO GOMEZ, a/k/a "Yogi," ANTHONY TORRÉS, a/k/a "G," RAFAEL REYES, a/k/a "Rafi," LUIS ORTIZ, a/k/a "Gecko," JOSE LUIS MORAN, a/k/a "Buzz," WILLIAM ROSA, a/k/a "El Culon," LUCY ROMERO, ELIAS POLANCO, a/k/a "Lou," CHRISTOPHER ALICEA, a/k/a "Bozo," DANIEL ROMAN, a/k/a "Danny," EFRAIN IRIZARRY, a/k/a

2

"Humilde," ALBERT SOTO, a/k/a "King Braveheart," CHRISTIAN GUABA, a/k/a "Fat Boy," LEWIS ALLEN, a/k/a "Choc," LUIS VALERIO, a/k/a "Luigi," and SERGIO SANTIAGO, a/k/a "Serge," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that LEVIT FERNANDINI, a/k/a "Lev," a/k/a "Scooby Doo," a/k/a "La Flaca," PABLO IVAN SANTIAGO, a/k/a "Ivan," OMAR CASTRO LOPEZ, a/k/a "Cache," MAURICIO VILLAREAL, HECTOR GARCIA, a/k/a "Cash," a/k/a "Hec," LUIS APONTE, a/k/a "Lu," ALBERT FRANCO, a/k/a "Al," ROBERTO ROSA, a/k/a "Indio," ANGEL DIAZ, a/k/a "Julito," JAMES RIVERA, a/k/a "Mint," a/k/a "MI," FNU LNU, a/k/a "Jesse," JULIO GOMEZ, a/k/a "Yogi," ANTHONY TORRES, a/k/a "G," RAFAEL REYES, a/k/a "Rafi," LUIS ORTIZ, a/k/a "Gecko," JOSE LUIS MORAN, a/k/a "Buzz," WILLIAM ROSA, a/k/a "El Culon," LUCY ROMERO, ELIAS POLANCO, a/k/a "Lou," CHRISTOPHER ALICEA, a/k/a "Bozo," DANIEL ROMAN, a/k/a "Danny," EFRAIN IRIZARRY, a/k/a "Humilde," ALBERT SOTO, a/k/a "King Braveheart," CHRISTIAN GUABA, a/k/a "Fat Boy," LEWIS ALLEN, a/k/a "Choc," LUIS VALERIO, a/k/a "Luigi," and SERGIO SANTIAGO, a/k/a "Serge," the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of Title 21 United States Code, Section 841(a)(1).

3

3.    The controlled substances involved in the offense
were: (i) five kilograms and more of mixtures and substances
containing a detectable amount of cocaine, in violation of Title
21, United States Code, Section 841(b)(1)(A); and (ii) 1,000
kilograms and more of mixtures and substances containing a
detectable amount of marijuana, in violation of Title 21, United
States Code, Section 841(b)(1)(A).

<u>OVERT ACTS</u>

4.    In furtherance of the conspiracy and to effect the
illegal object thereof, the following overt acts, among others,
were committed in the Southern District of New York and
elsewhere:

a.    On or about June 12, 2006, in the vicinity of
2600 Creston Avenue, Bronx, New York, LEVIT FERNANDINI, a/k/a
"Lev," a/k/a "Scooby Doo," a/k/a "La Flaca," the defendant, hired
ALBERT SOTO, a/k/a "King Braveheart," CHRISTIAN GUABA, a/k/a "Fat
Boy," LEWIS ALLEN, a/k/a "Choc," LUIS VALERIO, a/k/a "Luigi," and
SERGIO SANTIAGO, a/k/a "Serge," the defendants, and other co-
conspirators not named as defendants herein to shoot at rival
drug dealers in the vicinity of 2600 Creston Avenue, Bronx, New
York, and as a result Christopher Santiago was shot and killed.

b.    On or about June 1, 2007, in the vicinity of
2430 Morris Avenue, Bronx, New York, FERNANDINI shot another
individual ("V-1") in a dispute over narcotics territory.

4

c.   In or about 2008, ANGEL DIAZ, a/k/a "Julito," possessed pound quantities of marijuana, which his workers sold to customers in retail quantities in the vicinity of 2600 Creston Avenue, Bronx, New York.

d.   On or about November 21, 2009, in the vicinity of 2600 Creston Avenue, Bronx, New York, HECTOR GARCIA, a/k/a "Cash," a/k/a "Hec," the defendant, while working for FERNANDINI, confronted another individual ("V-2"), accused V-2 of selling narcotics in an area controlled by FERNANDINI, and, a short time after this confrontation, fired shots at V-2.

e.   On or about November 26, 2009, in the vicinity of 2600 Creston Avenue, Bronx, New York, GARCIA, while working for FERNANDINI, shot and killed Carlos Lorenzo, because GARCIA suspected that Lorenzo was selling narcotics in an area controlled by FERNANDINI.

f.   On or about November 27, 2009, in the vicinity of Creston Avenue and 192nd Street, Bronx, New York, GARCIA, while working for FERNANDINI, shot another individual ("V-3") before fleeing in a vehicle registered to FERNANDINI's girlfriend.

g.   In or about 2010, ROBERTO ROSA, a/k/a "Indio," the defendant, sold marijuana in the vicinity of 2600 Creston Avenue, Bronx, New York.

5

h.   On or about July 22, 2010, in the vicinity of 2600 Creston Avenue, Bronx, New York, JOSE LUIS MORAN, a/k/a "Buzz," the defendant, sold approximately two bags of cocaine to a confidential informant in exchange for approximately $40.

i.   On or about August 2, 2010, in the vicinity of 2600 Creston Avenue, Bronx, New York, JAMES RIVERA, a/k/a "Mint," a/k/a "MI," the defendant, sold approximately four bags of cocaine to a confidential informant in exchange for approximately $80.

j.   On or about August 12, 2010, in the vicinity of 2600 Creston Avenue, Bronx, New York, MORAN sold approximately four bags of cocaine to a confidential informant in exchange for approximately $80.

k.   On or about August 26, 2010, in the vicinity of 2600 Creston Avenue, Bronx, New York, ELIAS POLANCO, a/k/a "Lou," the defendant, sold approximately five bags of cocaine to a confidential informant in exchange for approximately $100.

l.   On or about September 10, 2010, in the vicinity of 2600 Creston Avenue, Bronx, New York, POLANCO sold approximately five bags of cocaine to a confidential informant in exchange for approximately $100.

m.   On or about September 23, 2010, in the vicinity of 2600 Creston Avenue, Bronx, New York, POLANCO sold

approximately five bags of cocaine to a confidential informant in exchange for approximately $100.

n.    On or about October 21, 2010, OMAR CASTRO LOPEZ, a/k/a "Cache," and LUIS ORTIZ, a/k/a "Gecko," the defendants, and a co-conspirator not named as a defendant herein ("CC-1"), possessed approximately $276,000 in narcotics proceeds, a money counter, and quantity of marijuana in an apartment located at 876 Clarence Avenue, Bronx, New York.

o.    On or about November 5, 2010, in the vicinity of 2600 Creston Avenue, Bronx, New York, POLANCO sold approximately five bags of cocaine to a confidential informant in exchange for approximately $100.

p.    On or about November 18, 2010, in the vicinity of 2600 Creston Avenue, Bronx, New York, POLANCO sold approximately ten bags of cocaine to a confidential informant in exchange for approximately $200.

q.    On or about November 30, 2010, in the vicinity of 2600 Creston Avenue, Bronx, New York, POLANCO sold approximately ten bags of cocaine to a confidential informant in exchange for approximately $200.

r.    On or about January 7, 2011, in the vicinity of 2600 Creston Avenue, Bronx, New York, ALBERT FRANCO, a/k/a "Al," the defendant, sold approximately five bags of cocaine to a confidential informant in exchange for approximately $100.

s.   On or about January 14, 2011, in the vicinity of 2600 Creston Avenue, Bronx, New York, FRANCO sold approximately ten bags of cocaine to a confidential informant in exchange for approximately $200.

t.   On or about February 3, 2011, in the vicinity of 2600 Creston Avenue, Bronx, New York, FRANCO sold approximately three bags of cocaine to a confidential informant in exchange for approximately $60.

u.   On or about February 3, 2011, in the vicinity of 2600 Creston Avenue, Bronx, New York, ANTHONY TORRES, a/k/a "G," the defendant, sold approximately seven bags of cocaine to a confidential informant in exchange for approximately $140.

v.   On or about February 24, 2011, in the vicinity of 2600 Creston Avenue, Bronx, New York, FRANCO sold approximately five bags of cocaine to a confidential informant in exchange for approximately $100.

w.   On or about February 27, 2011, FRANCO and LUCY ROMERO, the defendant, had a telephone conversation in which, in substance, FRANCO informed ROMERO that a customer was on his way to 2592 Creston Avenue, Bronx, New York, to purchase a "dime" bag of cocaine, and ROMERO agreed to sell the cocaine to the customer.

x.   On or about March 9, 2011, in the vicinity of 2600 Creston Avenue, Bronx, New York, FRANCO sold approximately

eight bags of cocaine to a confidential informant in exchange for approximately $160.

y.   On or about March 22, 2011, LUIS APONTE, a/k/a "Lu," and RAFAEL REYES, a/k/a "Rafi," the defendants, had a telephone conversation in which, in substance, APONTE agreed to bring REYES a quantity of marijuana when APONTE visited REYES in prison, which REYES would then sell to other inmates.

z.   On or about March 22, 2011, FERNANDINI and DANIEL ROMAN, a/k/a "Danny," the defendant, had a telephone conversation in which, in substance, FERNANDINI asked ROMAN to give a quantity of money to LOPEZ, and ROMAN agreed to give LOPEZ the money.

aa.   On or about March 24, 2011, in the vicinity of 2600 Creston Avenue, Bronx, New York, FRANCO sold approximately five bags of cocaine to a confidential informant in exchange for approximately $100.

bb.   In or about March 2011, FERNANDINI and APONTE traveled to South Padre Island, Texas, where they met with MAURICIO VILLAREAL, the defendant, to obtain approximately 400 pounds of marijuana, for which FERNANDINI paid VILLAREAL approximately $240,000, however, after VILLAREAL noticed the presence of law enforcement officers in the area, VILLAREAL did not complete the transaction and did not provide FERNANDINI with any marijuana.

cc.  On or about April 1, 2011, FRANCO and WILLIAM ROSA, a/k/a "El Culon," the defendant, had a telephone conversation in which, in substance, FRANCO asked ROSA to provide a quantity of marijuana and ROSA agreed.

dd.  On or about April 4, 2011, FERNANDINI and ORTIZ had a telephone conversation in which they discussed, in substance, the fact that co-conspirators not named as defendants herein had been arrested in possession of 36 kilograms of cocaine and that one of these individuals ("CC-2") had told ORTIZ that CC-2 had money and wanted ORTIZ to help CC-2 get a lawyer.

ee.  On or about April 8, 2011, FERNANDINI and APONTE had a telephone call in which, in substance, FERNANDINI ordered APONTE and other members of the crew to take down "Wanted" flyers that had recently been posted in the vicinity of 2600 Creston Avenue, Bronx, New York, seeking information regarding the location of GARCIA in connection with a murder.

ff.  On or about April 22, 2011, FERNANDINI and PABLO IVAN SANTIAGO, a/k/a "Ivan," the defendant, had a telephone conversation in which, in substance, FERNANDINI asked SANTIAGO how much it would cost to obtain 500 grams of cocaine from a supplier in Puerto Rico, and SANTIAGO agreed to contact the supplier to find out the cost of 500 grams of cocaine.

gg.  On or about April 26, 2011, FERNANDINI and FNU LNU, a/k/a "Jesse," the defendant, had a telephone

conversation in which FERNANDINI told FNU LNU, a/k/a "Jesse,"
that a supply of marijuana that they had purchased was "short,"
and that he was getting complaints about the quality of the
marijuana, and FNU LNU, a/k/a "Jesse," responded that he would be
present to oversee the purchase of marijuana in the future.

hh.  On or about May 2, 2011, FERNANDINI and
CHRISTOPHER ALICEA, a/k/a "Bozo," the defendant, had a telephone
conversation in which ALICEA told FERNANDINI, in substance, that
ALICEA could obtain a commercial driver's license, and that
ALICEA was willing to drive to Los Angeles or Texas if FERNANDINI
needed him to go and pick up supplies of narcotics from those
locations.

ii.  On or about May 3, 2011, FERNANDINI and JULIO
GOMEZ, a/k/a "Yogi," the defendant, had a telephone conversation
in which, in substance, FERNANDINI asked GOMEZ to provide
marijuana for a customer and GOMEZ agreed.

jj.  On or about May 3, 2011, FERNANDINI and
TORRES had a telephone conversation in which, in substance,
FERNANDINI ordered TORRES to check the status of a narcotics
delivery through the mails.

kk.  On May 5, 2011, law enforcement recovered 250
grams of cocaine from a mail parcel sent from Puerto Rico to an
apartment in a building adjacent to 2600 Creston Avenue, Bronx,
New York.

11.   On or about May 4, 2011, APONTE and FRANCO had a telephone conversation in which, in substance, FRANCO told APONTE that FRANCO needed an ounce of marijuana, and APONTE agreed to provide it.

mm.   On or about May 6, 2011, FERNANDINI and EFRAIN IRIZARRY, a/k/a "Humilde," the defendant, had a telephone conversation in which, in substance, FERNANDINI asked IRIZARRY who took a gun belonging to them, and IRIZARRY responded that he was not sure who had it.

(Title 21, United States Code, Section 846.)

### COUNT TWO

The Grand Jury further charges:

5.   On or about June 12, 2006, in the Southern District of New York and elsewhere, LEVIT FERNANDINI, a/k/a "Lev," a/k/a "Scooby Doo," a/k/a "La Flaca," ALBERT SOTO, a/k/a "Al," a/k/a "King Braveheart," CHRISTIAN GUABA, a/k/a "Fat Boy," LEWIS ALLEN, a/k/a "Choc," LUIS VALERIO, a/k/a "Luigi," and SERGIO SANTIAGO, a/k/a "Serge," the defendants, willfully and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count One of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did

12

cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, FERNANDINI hired SOTO, GUABA, ALLEN, VALERIO, SANTIAGO, and other co-conspirators not named as defendants herein to shoot at rival drug dealers in the vicinity of 2600 Creston Avenue, Bronx, New York, and as a result Christopher Santiago was shot and killed.

(Title 18, United States Code,
Sections 924(j)(1) and 2.)

COUNT THREE

The Grand Jury further charges:

6.   On or about November 26, 2009, in the Southern District of New York and elsewhere, HECTOR GARCIA, a/k/a "Cash," a/k/a "Hec," willfully and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the offense charged in Count One of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, GARCIA, while working for LEVIT FERNANDINI, a/k/a "Lev," a/k/a Scooby Doo," a/k/a "La Flaca," the defendant, shot and killed Carlos Lorenzo, because

13

GARCIA suspected that Lorenzo was selling narcotics in an area controlled by FERNANDINI.

(Title 18, United States Code,
Sections 924(j)(1) and 2.)

### COUNT FOUR

The Grand Jury further charges:

7.    From at least in or about 2003, up to and including in or about July 2011, in the Southern District of New York and elsewhere, LEVIT FERNANDINI, a/k/a "Lev," a/k/a "Scooby Doo," a/k/a "La Flaca," HECTOR GARCIA, a/k/a "Cash," a/k/a "Hec," ALBERT SOTO, a/k/a "King Braveheart," CHRISTIAN GUABA, a/k/a "Fat Boy," ALBERT FRANCO, a/k/a "Al," LUCY ROMERO, JAMES RIVERA, a/k/a "Mint," a/k/a "MI," ANTHONY TORRES, a/k/a "G," EFRAIN IRIZARRY, a/k/a "Humilde," ANGEL DIAZ, a/k/a "Julito," RAFAEL REYES, a/k/a "Rafi," ROBERTO ROSA, a/k/a "Indio," PABLO IVAN SANTIAGO, a/k/a "Ivan," LUIS ORTIZ, a/k/a "Gecko," JULIO GOMEZ, a/k/a "Yogi," LEWIS ALLEN, a/k/a "Choc," LUIS VALERIO, a/k/a "Luigi," and SERGIO SANTIAGO, a/k/a "Serge," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, to wit, handguns, which were discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

## COUNT FIVE

The Grand Jury further charges:

8.    From at least in or about 2003, up to and
including in or about July 2011, in the Southern District of New
York and elsewhere, OMAR LOPEZ CASTRO, a/k/a "Cache," and LUIS
ORTIZ, a/k/a "Gecko," the defendants, and others known and
unknown, intentionally and knowingly did combine, conspire,
confederate, and agree together and with each other to violate
Title 18, United States Code, Section 1956(a)(1)(A)(i).

9.    It was a part and an object of the conspiracy that
OMAR LOPEZ CASTRO, a/k/a "Cache," and LUIS ORTIZ, a/k/a "Gecko,"
the defendants, and others known and unknown, in an offense
involving and affecting interstate and foreign commerce, knowing
that the property involved in certain financial transactions, to
wit, the transfer of cash and monetary instruments, represented
the proceeds of some form of unlawful activity, willfully and
knowingly would and did conduct and attempt to conduct such
financial transactions which in fact involved the proceeds of
specified unlawful activity, to wit, the proceeds of illegal
narcotics transactions, with the intent to promote the carrying
on of specified unlawful activity, to wit, the distribution of
cocaine and marijuana, in violation of Title 18, United States
Code, Section 1956(a)(1)(A)(i).

## OVERT ACT

10.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.   On or about October 21, 2010, OMAR CASTRO LOPEZ, a/k/a "Cache," and LUIS ORTIZ, a/k/a "Gecko," the defendants, and a co-conspirator not named as a defendant herein ("CC-1"), possessed approximately $276,000 in narcotics proceeds, a money counter, and quantity of marijuana in an apartment located at 876 Clarence Avenue, Bronx, New York.

(Title 18, United States Code, Section 1956(h).)

## COUNT SIX

The Grand Jury further charges:

11.   On or about July 13, 2011, in the Southern District of New York, ALBERT FRANCO, a/k/a "Al," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm, to wit, a loaded .357 caliber revolver, manufactured by Smith and Wesson, which had previously been shipped and transported in interstate commerce.

(Title 18, United States Code,
Section 922(g)(1).)

16

<u>COUNT SEVEN</u>

The Grand Jury further charges:

12.  On or about July 13, 2011, in the Southern District of New York, JAMES RIVERA, a/k/a "Mint," a/k/a "MI," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm, to wit, a .380 caliber handgun, manufactured by Cobra, which had previously been shipped and transported in interstate commerce.

(Title 18, United States Code,
Section 922(g)(1).)

<u>COUNT EIGHT</u>

The Grand Jury further charges:

13.  On or about July 13, 2011, in the Southern District of New York, WILLIAM ROSA, a/k/a "El Culon," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce ammunition, to wit, .357 caliber ammunition manufactured by Speer and Remington-Peters, which had previously been shipped and transported in interstate commerce.

(Title 18, United States Code,
Section 922(g)(1).)

17

## COUNT NINE

The Grand Jury further charges:

14.   On or about June 30, 2010, in the Southern District of New York, ROBERTO ROSA, a/k/a "Indio," the defendant, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, and having had at least three previous convictions for serious drug offenses, committed on occasions different from one another, knowingly did possess in and affecting commerce, a firearm, to wit, a loaded .38 caliber special Arminius Titan Tiger revolver, manufactured by Weihrauch, which previously had been shipped and transported in interstate commerce.

                    (Title 18, United States Code,
                    Sections 922(g)(1) and 924(e).)

### SPECIAL FINDINGS AS TO LEVIT FERNANDINI

15.   Count Two of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Two, alleging the murder of Christopher Santiago, in connection with a drug trafficking crime, the defendant LEVIT FERNANDINI, a/k/a "Lev," a/k/a "La Flaca," a/k/a "Scooby Doo":

        a.   was 18 years of age or older at the time of the offense;

        b.   FERNANDINI intentionally killed Christopher Santiago (Title 18, United States Code, Section 3591(a)(2)(A));

18

c.   FERNANDINI intentionally inflicted serious bodily injury that resulted in the death of Christopher Santiago (Title 18, United States Code, Section 3591(a)(2)(B));

d.   FERNANDINI intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Christopher Santiago died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

e.   FERNANDINI intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the acts constituted a reckless disregard for human life and Christopher Santiago died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D));

f.   FERNANDINI knowingly created a grave risk of death to persons other than Christopher Santiago, during the commission of the offense in Count Two (Title 18, United States Code, Section 3592(c)(5)); and

g.   FERNANDINI committed the offense in Count Two after engaging in substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

## SPECIAL FINDINGS AS TO ALBERT SOTO

16.   Count Two of the Indictment is re-alleged and
incorporated by reference as though fully set forth herein.   As
to Count Two, alleging the murder of Christopher Santiago, in
connection with a drug trafficking crime, the defendant ALBERT
SOTO, a/k/a "King Braveheart":

a.   was 18 years of age or older at the time of
the offense;

b.   SOTO intentionally killed Christopher
Santiago (Title 18, United States Code, Section 3591(a)(2)(A));

c.   SOTO intentionally inflicted serious bodily
injury that resulted in the death of Christopher Santiago (Title
18, United States Code, Section 3591(a)(2)(B));

d.   SOTO intentionally participated in acts,
contemplating that the life of a person would be taken or
intending that lethal force would be used in connection with a
person, other than one of the participants in the offense, and
Christopher Santiago died as a direct result of the acts (Title
18, United States Code, Section 3591(a)(2)(C));

e.   SOTO intentionally and specifically engaged in
acts of violence, knowing that the acts created a grave risk of
death to a person, other than one of the participants in the
offense, such that participation in the acts constituted a
reckless disregard for human life and Christopher Santiago died

20

as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D));

     f.   SOTO knowingly created a grave risk of death to persons other than Christopher Santiago, during the commission of the offense in Count Two (Title 18, United States Code, Section 3592(c)(5)); and

     g.   SOTO committed the offense in Count Two after engaging in substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

<u>SPECIAL FINDINGS AS TO CHRISTIAN GUABA</u>

17.   Count Two of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Two, alleging the murder of Christopher Santiago, in connection with a drug trafficking crime, the defendant CHRISTIAN GUABA, a/k/a "Fat Boy":

     a.   was 18 years of age or older at the time of the offense;

     b.   GUABA intentionally killed Christopher Santiago (Title 18, United States Code, Section 3591(a)(2)(A));

     c.   GUABA intentionally inflicted serious bodily injury that resulted in the death of Christopher Santiago (Title 18, United States Code, Section 3591(a)(2)(B));

     d.   GUABA intentionally participated in acts, contemplating that the life of a person would be taken or

21

intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Christopher Santiago died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

       e.  GUABA intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the acts constituted a reckless disregard for human life and Christopher Santiago died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D));

       f.  GUABA knowingly created a grave risk of death to persons other than Christopher Santiago, during the commission of the offense in Count Two (Title 18, United States Code, Section 3592(c)(5)); and

       g.  GUABA committed the offense in Count Two after engaging in substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

<u>SPECIAL FINDINGS AS TO HECTOR GARCIA</u>

    18.  Count Three of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Three, alleging the murder of Carlos Lorenzo, in connection with a drug trafficking crime, the defendant HECTOR GARCIA, a/k/a "Cash," a/k/a "Hec":

22

a.   was 18 years of age or older at the time of the offense;

b.   GARCIA intentionally killed Carlos Lorenzo (Title 18, United States Code, Section 3591(a)(2)(A));

c.   GARCIA intentionally inflicted serious bodily injury that resulted in the death of Carlos Lorenzo (Title 18, United States Code, Section 3591(a)(2)(B));

d.   GARCIA intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Carlos Lorenzo died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

e.   GARCIA intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the acts constituted a reckless disregard for human life and Carlos Lorenzo died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D)); and

f.   GARCIA knowingly created a grave risk of death to persons other than Carlos Lorenzo, during the commission of the offense in Count Two (Title 18, United States Code, Section 3592(c)(5)).

## SPECIAL FINDINGS AS TO LEWIS ALLEN

19.   Count Two of the Indictment is re-alleged and
incorporated by reference as though fully set forth herein.   As
to Count Two, alleging the murder of Christopher Santiago, in
connection with a drug trafficking crime, the defendant LEWIS
ALLEN, a/k/a "Choc":

a.   was 18 years of age or older at the time of
the offense;

b.   ALLEN intentionally killed Christopher
Santiago (Title 18, United States Code, Section 3591(a)(2)(A));

c.   ALLEN intentionally inflicted serious bodily
injury that resulted in the death of Christopher Santiago (Title
18, United States Code, Section 3591(a)(2)(B));

d.   ALLEN intentionally participated in acts,
contemplating that the life of a person would be taken or
intending that lethal force would be used in connection with a
person, other than one of the participants in the offense, and
Christopher Santiago died as a direct result of the acts (Title
18, United States Code, Section 3591(a)(2)(C));

e.   ALLEN intentionally and specifically engaged
in acts of violence, knowing that the acts created a grave risk
of death to a person, other than one of the participants in the
offense, such that participation in the acts constituted a
reckless disregard for human life and Christopher Santiago died

24

as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D));

      f.  ALLEN knowingly created a grave risk of death to persons other than Christopher Santiago, during the commission of the offense in Count Two (Title 18, United States Code, Section 3592(c)(5)); and

      g.  ALLEN committed the offense in Count Two after engaging in substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

<u>SPECIAL FINDINGS AS TO LUIS VALERIO</u>

20.  Count Two of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Two, alleging the murder of Christopher Santiago, in connection with a drug trafficking crime, the defendant LUIS VALERIO, a/k/a "Luigi":

      a.  was 18 years of age or older at the time of the offense;

      b.  VALERIO intentionally killed Christopher Santiago (Title 18, United States Code, Section 3591(a)(2)(A));

      c.  VALERIO intentionally inflicted serious bodily injury that resulted in the death of Christopher Santiago (Title 18, United States Code, Section 3591(a)(2)(B));

      d.  VALERIO intentionally participated in acts, contemplating that the life of a person would be taken or

25

intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Christopher Santiago died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

        e.    VALERIO intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the acts constituted a reckless disregard for human life and Christopher Santiago died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D));

        f.    VALERIO knowingly created a grave risk of death to persons other than Christopher Santiago, during the commission of the offense in Count Two (Title 18, United States Code, Section 3592(c)(5)); and

        g.    VALERIO committed the offense in Count Two after engaging in substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

### SPECIAL FINDINGS AS TO SERGIO SANTIAGO

    21.   Count Two of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Two, alleging the murder of Christopher Santiago, in connection with a drug trafficking crime, the defendant SERGIO SANTIAGO, a/k/a "Serge":

     a.   was 18 years of age or older at the time of the offense;

     b.   SANTIAGO intentionally killed Christopher Santiago (Title 18, United States Code, Section 3591(a)(2)(A));

     c.   SANTIAGO intentionally inflicted serious bodily injury that resulted in the death of Christopher Santiago (Title 18, United States Code, Section 3591(a)(2)(B));

     d.   SANTIAGO intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Christopher Santiago died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

     e.   SANTIAGO intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the acts constituted a reckless disregard for human life and Christopher Santiago died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D));

     f.   SANTIAGO knowingly created a grave risk of death to persons other than Christopher Santiago, during the commission of the offense in Count Two (Title 18, United States Code, Section 3592(c)(5)); and

g.   SANTIAGO committed the offense in Count Two
after engaging in substantial planning and premeditation (Title
18, United States Code, Section 3592(c)(9)).

## FORFEITURE ALLEGATION AS TO COUNT ONE

22.   As a result of committing the controlled substance
offense alleged in Count One of this Indictment, LEVIT
FERNANDINI, a/k/a "Lev," a/k/a "Scooby Doo," a/k/a "La Flaca,"
PABLO IVAN SANTIAGO, a/k/a "Ivan," OMAR CASTRO LOPEZ, a/k/a
"Cache," MAURICIO VILLAREAL, HECTOR GARCIA, a/k/a "Cash," a/k/a
"Hec," LUIS APONTE, a/k/a "Lu," ALBERT FRANCO, a/k/a "Al,"
ROBERTO ROSA, a/k/a "Indio," ANGEL DIAZ, a/k/a "Julito," JAMES
RIVERA, a/k/a "Mint," a/k/a "MI," FNU LNU, a/k/a "Jesse," JULIO
GOMEZ, a/k/a "Yogi," ANTHONY TORRES, a/k/a "G," RAFAEL REYES,
a/k/a "Rafi," LUIS ORTIZ, a/k/a "Gecko," JOSE LUIS MORAN, a/k/a
"Buzz," WILLIAM ROSA, a/k/a "El Culon," LUCY ROMERO, ELIAS
POLANCO, a/k/a "Lou," CHRISTOPHER ALICEA, a/k/a "Bozo," DANIEL
ROMAN, a/k/a "Danny," EFRAIN IRIZARRY, a/k/a "Humilde," ALBERT
SOTO, a/k/a "King Braveheart," and CHRISTIAN GUABA, a/k/a "Fat
Boy," LEWIS ALLEN, a/k/a "Choc," LUIS VALERIO, a/k/a "Luigi," and
SERGIO SANTIAGO, a/k/a "Serge," the defendants, shall forfeit to
the United States, pursuant to 21 U.S.C. § 853, any and all
property constituting or derived from any proceeds the said
defendants obtained directly or indirectly as a result of the
said violations and any and all property used or intended to be

28

used in any manner or part to commit and to facilitate the
commission of the violations alleged in Count One and of this
Indictment, including but not limited to, a sum in United States
Currency representing the amount of all proceeds obtained as a
result of the controlled substance offense alleged in Count One
of the Indictment.

<u>Substitute Asset Provision</u>

23.   If any of the property described above as being
subject to forfeiture, as a result of any act or omission of the
defendants -

a.   cannot be located upon the exercise of due
diligence;

b.   has been transferred or sold to, or deposited
with, a third person;

c.   has been placed beyond the jurisdiction of
the Court;

d.   has been substantially diminished in value;
or

e.   has been commingled with other property which
cannot be subdivided without difficulty;
it is the intention of the United States, pursuant to 21 U.S.C.
§ 853(p), to seek forfeiture of any other property of the
defendants up to the value of the above forfeitable property.
(Title 21, United States Code, Sections 841(a)(1), 846, and 853.)

## FORFEITURE ALLEGATION AS TO COUNT FIVE

24.   As the result of committing the money laundering offense in violation of Title 18, United States Code, Section 1956, alleged in Count Five of this Indictment, OMAR LOPEZ CASTRO, a/k/a "Cache," and LUIS ORTIZ, a/k/a "Gecko," the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property.

25.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)


FOREPERSON                          PREET BHARARA
                                    United States Attorney

31

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

LEVIT FERNANDINI, a/k/a "Lev," a/k/a "Scooby Doo," a/k/a "La Flaca,"
PABLO IVAN SANTIAGO, a/k/a "Ivan," OMAR CASTRO LOPEZ, a/k/a "Cache,"
MAURICIO VILLAREAL, HECTOR GARCIA, a/k/a "Cash," a/k/a "Hec," LUIS
APONTE, a/k/a "Lu," ALBERT FRANCO, a/k/a "Al," ROBERTO ROSA, a/k/a
"Indio," ANGEL DIAZ, a/k/a "Julito," JAMES RIVERA, a/k/a "Mint," a/k/a
"MI," FNU LNU, a/k/a "Jesse," JULIO GOMEZ, a/k/a "Yogi," ANTHONY
TORRES, a/k/a "G," RAFAEL REYES, a/k/a "Rafi," LUIS ORTIZ, a/k/a
"Gecko," JOSE LUIS MORAN, a/k/a "Buzz," WILLIAM ROSA, a/k/a "El
Culon," LUCY ROMERO, ELIAS POLANCO, a/k/a "Lou," CHRISTOPHER ALICEA,
a/k/a "Bozo," DANIEL ROMAN, a/k/a "Danny,"
EFRAIN IRIZARRY, a/k/a "Humilde," ALBERT SOTO, a/k/a "King
Braveheart," and CHRISTIAN GUABA, a/k/a "Fat Boy,"
EWIS ALLEN, a/k/a "Choc," LUIS VALERIO, a/k/a "Luigi,"
and SERGIO SANTIAGO, a/k/a "Serge,"

Defendants.

### SUPERSEDING
### INDICTMENT

S6 11 Cr. 569 (PAC)

(21 U.S.C. § 846; 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(iii), 924(e),
924(j), 1956(h), and 2.)

### PREET BHARARA
United States Attorney.

### A TRUE BILL

Foreperson.

_Kathleen Sucie_

Sep 10, 2012
Filed Sixth Superseding Indictment.
Debra Freeman U.S.M.J.